**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10001 |
| Plaintiff - Appellee, | D.C. No. 1:06-CR-00212-LJO-2 |
| v. | |
| PRASEUT CHANTHASEN, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, , Presiding

Submitted February 8, 2010 [**]
San Francisco, California

Before: HALL and McKEOWN, Circuit Judges, and CAMPBELL, [***]  District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David G. Campbell, United States District Judge for the District of Arizona, sitting by designation.

Prasuet Chanthasen ("Chanthasen") timely appeals from a judgment of conviction of one count of conspiracy to manufacture marijuana in violation of 21U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii), and 846. Chanthasen was sentenced to 120 months in prison, to be followed by 60 months of supervised release, and a $100 special assessment. In this appeal, Chanthasen contends that: (1) there was insufficient evidence that he became a member of the conspiracy to manufacture marijuana, knew of at least one of its objects, and intended to help achieve it; and (2) a digital photograph taken by a sheriff's deputy during a traffic stop that was arranged as part of a surveillance operation on April 19, 2006, was potentially exculpatory and highly probative evidence of identity, and the government's failure to preserve that photograph violated his due process rights in light of the fact that he gave early and consistent notice that identity would be a key defense issue. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

The large body of testimonial and documentary evidence presented during a four-day jury trial and extensive post-trial proceedings, the procedural events of the case, and the applicable law are well known to the parties. Thus, we will recite such information only as necessary to our disposition of the claims of error raised in this appeal.

2

## II.

We review *de novo* Chanthasen's challenge to the sufficiency of the evidence. *United States v. Antonakeas*, 255 F.3d 714, 723 (9th Cir. 2001). There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Applying these standards, we reject Chanthasen's claim that the evidence presented at trial was insufficient to prove he was a knowing, active member of the conspiracy to manufacture marijuana charged in this case.

The government introduced detailed testimony from a team of Fresno County Sheriff's Department ("FCSD") detectives who participated in surveillance of the targeted marijuana growing site in Stevinson, California, in Merced County, on two occasions on April 19 and May 4, 2006. On the former date, the officers followed a green minivan from the Stevinson site, where five people were seen working in a field in which an estimated 10,000 marijuana plants were under active cultivation, all the way back to Chanthasen's apartment on North 8th Street, in Fresno, California. During the April 19 surveillance operation, two of the FCSD investigators, Detective John Wages and Sergeant Brad Christian, were in a position to and did identify the driver of the green minivan as defendant

3

Chanthasen, and the minivan's passenger as alleged co-conspirator Vanh Tho Lawphachan ("Lawphachan").

In addition, FCSD Deputy David Barile testified that he was dispatched to assist the detectives on the afternoon of April 19, 2006, upon their return to Fresno County, and that he stopped the green minivan for a traffic infraction shortly after it was seen dropping off Lawphachan at his home on Carolina Avenue in Clovis at approximately 3:30 p.m. Deputy Barile identified Chanthasen at trial as the person who was driving the van at that time, and identified the valid California driver's license Chanthasen had presented to him upon request during the traffic stop.

Cooperating co-conspirator Onesy Chanthavong ("Chanthavong") also testified that Chanthasen was a member of the group cultivating marijuana with him and Lawphachan, and that he had personally seen Chanthasen working at the Stevinson site and had spent the night with the defendant in a trailer on the property on several occasions. Chanthavong identified Lawphachan as the "leader" of the conspiracy.

Finally, Chanthasen himself admitted at trial that he was driving the green minivan when Deputy Barile stopped him sometime after 3:00 p.m. on April 19, 2006. Chanthasen also testified about his experience cultivating legitimate Asian vegetable crops—including the "long bean" plants that surrounded and shielded

4

from public view the 11,539 marijuana plants that were growing in the Stevinson field—and could fairly be charged with knowledge of the illegal nature and objectives of the cultivation project at the Stevinson site. Chanthasen's claims that he was not in Stevinson that day, and that he had merely "borrowed" the van for about an hour from his friend Bounma Vommarath, the registered owner of the vehicle, to move some seedlings from his home in Clovis to his own five-acre farm in the Fresno area, were necessarily rejected by the jury. Taken together, the evidence presented at trial amply supports Chanthasen's conviction.

**III**.

We also review *de novo* Chanthasen's claim that the government's failure to preserve a digital photograph taken by Deputy Barile during the April 19, 2006 traffic stop violated his due process rights, but the district court's factual findings on this issue are reviewed only for clear error. *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). When evidence is lost or destroyed while in the government's possession, the government bears the burden of justifying its conduct and the defendant bears the burden of demonstrating prejudice. *United States v. Tercero*, 640 F.2d 190, 192 (9th Cir. 1980). Upon *de novo* review, we reject Chanthasen's due process claim because there was no evidence of bad faith on the part of the government, and Chanthasen has not shown he was prejudiced by the

5

loss of the photograph.

The district court conducted an extensive post-trial inquiry into the destruction of the photograph, and specifically found that it was not intentional and that there was no evidence of bad faith on the part of Detective Jacob Jensen, the FCSD officer who received the digital photograph by e-mail from Deputy Barile and subsequently deleted it from his computer. These findings are not clearly erroneous. *See Hernandez*, 109 F.3d at 1454-55; *United States v. Heffington*, 952 F.2d 275, 280-81 (9th Cir. 1991)

The exculpatory nature and probative value of the photograph are also debatable, at best. As we have noted, Chanthasen admitted at trial that he was stopped while driving the green minivan, precisely as Deputy Barile reported, on April, 19, 2006. Deputy Barile also identified the valid California driver's license Chanthasen produced to him during the traffic stop on April 19, 2006, and identified Chanthasen as the person he stopped that day at the direction of the FCSD surveillance team. Deputy Barile further testified, however, that there was no gardening material in the van, and that Chanthasen looked "normal" during the stop, thus providing an alternative source of evidentiary support for Chanthasen's claim that the photograph would have shown he did not look like someone who had been "scruffing around in a field" that day. Moreover, even if the digital

6

photograph had a "time and date stamp," as Chanthasen claims without record support, it would have added nothing that was not already confirmed by Deputy Barile's testimony and Chanthasen's own admissions.  There is, in short, no reason to believe that the preservation and use of the digital photograph at trial would have yielded a different verdict.

## IV.

For all the foregoing reasons, the judgment of conviction, including the sentence imposed, is **AFFIRMED.**